IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIPS,<br><br>　　　　Plaintiff,<br>　v.<br><br>RICHARD BOWLES, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 06-2549 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION татDISMISS; GRANTING PLAINTIFF LIMITED LEAVE TO AMEND; AND GRANTING ATTORNEY FEES TO JUDICIAL DEFENDANTS** |

On October 20, 2006, the Court heard oral argument on defendants' motions to dismiss. Having considered the parties' arguments, the Court GRANTS the judicial defendants' motion to dismiss without leave to amend, GRANTS the remaining defendants' motions to dismiss with leave to amend, and GRANTS the judicial defendants' motion for attorney fees. If plaintiff's amended complaint fails to state a claim against the private defendants, plaintiff is informed that the Court will award attorney fees to those defendants.

**BACKGROUND**

In 1996, plaintiff David Phillips ("Phillips") and his brother retained Bowles & Verna LLP ("B&V") to represent them in a suit against Farmers Insurance for damage caused by a fire at their home. Request for Judicial Notice Ex. 1, 2.[1] The Phillips brothers prevailed and obtained a judgment

---

[1] Defendants request judicial notice of the July 9, 2004, decision of the Court of Appeal in the prior suit, Phillips' "Declaration in Support of Objection to Judge Presiding at Trial," Phillips' Petition for Writ of Certiorari to the California Supreme Court, and Phillips' Petition for Writ of Certiorari to

for $7 million in their favor, and the judgment was affirmed on appeal. *Id.*

On April 21, 2000, Phillips filed suit in state court against, *inter alia*, B&V; firm partners Richard Bowles, Michael Verna, and Robert Westerfield; and First America Title Insurance Company, *David Phillips et al. v. Richard Bowles et al.*, Contra Costa County Sup. Ct. No. C 00-01529. *Id.* Steven Wasserman, Esq., represented B&V and the B&V firm partners in that action. Compl. 3:7. The complaint alleged that the B&V attorneys committed malpractice because B&V charged excessive fees and failed to recover a greater amount in damages in the suit against Farmers. Request for Judicial Notice Ex. 1, 2.

During the course of the malpractice litigation, Judge David Flinn presided over an evidentiary hearing, Judge William Kolin ruled on one motion, and trial commenced before Judge Terrence Bruiniers. On April 15, 2002, judgments were entered in favor of B&V. *Id.* Phillips appealed and the judgments were affirmed by Justices Patricia Sepulveda, Maria Rivera, and Timothy Reardon. The appellate court rejected Phillips' complaints regarding each Superior Court judge's rulings. Phillips unsuccessfully petitioned the California Supreme Court and the United States Supreme Court.

Plaintiff, acting pro se, filed the instant lawsuit against Richard Bowles, Michael Verna, Robert Westerfield, Steven Wasserman, B&V, Judge Terrence Bruiniers, Judge William Kolin, Judge David Flinn, Justice Patricia Sepulveda, Justice Maria Rivera, and Justice Timothy Reardon, alleging that all defendants conspired with one another to deprive plaintiff of his civil rights.

**LEGAL STANDARD**

A federal district court does not have the authority to adjudicate the case before it when subject matter jurisdiction is lacking. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). Under what is known as the "*Rooker-Feldman*" doctrine, the United States District Court has no authority to review the final determinations of a state court in judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding district courts may not exercise appellate jurisdiction over state courts). Instead, the

---

the United States Supreme Court. The Court GRANTS defendants' requests. (Docket Nos. 17 and 22).

proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476. The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir.1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction and may be raised at any time by either party or sua sponte by the court. *Moccio v. Office of Court Administration*, 95 F.3d 195, 198 (2d Cir.1996); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir.1998) ("*Rooker-Feldman* is a jurisdictional doctrine, rather than a res judicata doctrine.").

**DISCUSSION**

**1.    Judicial immunity**

The Court concludes that this action is barred as to the judicial defendants on the grounds of judicial immunity. It is a well established principle that judges are immune from civil suits arising out of the exercise of their judicial function. *See Mireles v. Waco*, 502 U.S. 9 (1991). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Id.* at 11 - 12. In the instant action, the complaint challenges the issuance of allegedly improper orders by the judicial defendants; the challenged conduct was all taken in the judges' official capacities.

Additionally, judicial immunity applies regardless of whether the judge is accused of acting maliciously or corruptly, as long as it was within his jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Furthermore, it is well established that immunity applies regardless of whether the plaintiff seeks damages or injunctive relief. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394, *cert. denied*, 486 U.S. 1040 (1988). Accordingly, the Court GRANTS the judicial defendants' motion to dismiss without leave to amend.

**2.    Rooker-Feldman doctrine**

If in order to grant the relief sought, the district court must determine that a state court judgment was erroneously entered or must take action that would render such a judgment ineffectual, the

3

*Rooker-Feldman* doctrine applies. *See MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987) (holding that the *Rooker-Feldman* doctrine bars federal court review if the relief requested requires the "mere revision of errors and irregularities" or asks the federal court to determine "the legality and correctness of the judgments" of the state courts).

The remaining defendants contend this action is barred by the *Rooker-Feldman* doctrine because plaintiff is merely attempting to have a federal court review the decisions of the state courts. Defendants further argue that the plaintiff cannot avoid this jurisdictional bar by framing his claim as a constitutional challenge. Plaintiff counters that *Rooker-Feldman* does not bar his claim because he is not claiming that the state court committed an error; rather, he alleges that defendants conspired to deprive him of his civil rights. Plaintiff also argues that he is not requesting the Court to review the judgment of the state court, but is instead alleging that the conspiracy allowed B&V to steal more than $4 million from him.

The Court concludes that, as currently framed, plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. Although plaintiff generally asserts that defendants "conspired" to deprive him of his civil rights, the complaint does not contain any specific factual allegations regarding how the private attorney defendants allegedly conspired with the state court judges and justices. Instead, the complaint merely claims that various positions advocated by the attorneys in the litigation were taken in order to steal plaintiff's money, and that the state court judges and justices repeatedly ruled against plaintiffs. *See, e.g.*, "Kolin deemed plaintiff's election 'not to ratify' the extorted May 1998 agreement to be a ratification of that extorted agreement," Compl. 6:6-8; "Bruiners nevertheless granted a motion in limine, sought by B& V, preventing plaintiff from informing the jury that . . . .." *Id.*. at 24-25. These allegations amount to an attack on the state court decisions, and as such, are barred by the *Rooker-Feldman* doctrine.

The Court will allow plaintiff an opportunity to amend the complaint in an effort to state a claim against the private defendants. As the Court informed plaintiff at the October 20, 2006 hearing, the Court remains skeptical that plaintiff will be able to state a § 1983 claim against these defendants; in order to do so, plaintiff must allege, with specificity, *how* the private defendants conspired with the state court judges to deprive plaintiff of his civil rights and/or to steal plaintiff's money. Simply citing to

4

advocacy positions taken by the attorneys, or adverse decisions by the judges, is insufficient. *See Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165-66 (9th Cir. 2006); *see also Delman v. Friedman*, No. 9920834, 2000 U.S. Dist. LEXIS 14276, at *12 (N.D. Cal. July 14, 2000). [2]

### 3.  Fees and costs

District courts have discretion to award attorneys fees to the prevailing party as part of the costs in Civil Rights Act cases. 42 U.S.C. § 1988.  A party may recover attorney fees pursuant to 42 U.S.C. § 1988 when his opponent acts in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Hall v. Cole*, 412 U.S. 1, 5 (1972).  The purpose of awarding attorney fees is to deter frivolous and harassing litigation. *Id.* at 230.  Additionally, subjective bad faith is not required for an award of fees, and the Court only needs to find that the plaintiff's action was objectively groundless or without foundation. *See Christianburg v. EEOC*, 434 U.S. 412, 421 (1978).

Defendants argue that plaintiff should be sanctioned because he was aware there was no legal or factual basis for his lawsuit.  Plaintiff argues that sanctions should not be awarded because his claims are true and the defenses raised by the defendants are wrong.

The Court finds that sanctions are warranted with regard to the suit against the judicial defendants.  Plaintiff is a licensed attorney and the complaint against the judicial defendants was clearly baseless due to judicial immunity.  The attorney for the judicial defendants submitted a declaration regarding the amount of time spent on the motion to dismiss.  Plaintiff is hereby ordered to pay $2,240 to the judicial defendants.

Furthermore, plaintiff is on notice that if plaintiff amends the complaint and fails to state a claim,

---

[2] Defendants also argue that the case should be dismissed based on res judicata.  However, plaintiff alleges that the state court decisions resulted from a conspiracy between the judicial defendants and the attorneys to deprive him of his civil rights; such a claim, if properly pled, would not be barred by res judicata. Defendant Wasserman also argues that he was not properly served because plaintiff was not diligent in attempting to personally serve him and plaintiff did not leave the summons and complaint with someone who was "apparently in charge of the office." Cal. Code of Civil P. § 415.20(b). Because plaintiff left the summons and complaint with the receptionist at Wasserman's office and the receptionist explained that she was not authorized to accept service on Wasserman's behalf, the Court finds that service was not proper.  Plaintiff is ordered to properly serve Wasserman by November 6, 2006.

the Court will order plaintiff to pay the attorney fees for defendant B&V, Richard Bowles, Michael Verna, Robert Westerfield and Wasserman.

## CONCLUSION

For the above reasons, the Court hereby GRANTS defendants' motions to dismiss; GRANTS plaintiff leave to amend the complaint as to the private defendants, with any amended complaint to be **filed on or before November 17, 2006**;  and GRANTS the state judicial defendants' request for fees and costs in the amount of $2,240, such fees and costs **payable on or before November 17, 2006.** (Docket Nos. 11, 13 & 19).

**IT IS SO ORDERED.**

Dated: October 30 , 2006

———————————————
SUSAN ILLSTON
United States District Judge